UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY L. RUDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2050 (CEJ) |
| ) | |
| ALLIANCE ONE RECEIVABLES ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a second amended complaint. Defendant has filed a response in opposition to the motion.

I. **Background**

Plaintiff Terry L. Rudd filed suit in the Circuit Court of St. Louis County, Missouri asserting that defendant Alliance One Receivables, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA). In his initial complaint, plaintiff alleged that defendant failed to send written confirmation of the debt it was trying to collect, threatened him with litigation, and continued to communicate with him in an effort to collect the debt. Defendant timely removed the matter to this Court, asserting federal-question jurisdiction under 28 U.S.C. § 1331.

A case management order entered on January 7, 2011, established February 15, 2011, as the deadline for amending pleadings, and June 1, 2011, as the close of discovery. Plaintiff filed an amended complaint on February 15, 2011, in which he alleged that he had hired Vortex Debt Group to represent him in matters regarding the debt at issue. He further alleged that defendant had been notified in writing to direct all communications to Vortex Debt Group. He finally alleged that defendant sent a

communication directly to him for the collection of the debt, in violation of 15 U.S.C. § 1692c(c).

On July 1, 2011, defendant filed a motion for summary judgment, arguing that there is no case or controversy because (1) it made an offer of judgment for the full amount of damages that plaintiff would be entitled to recover to plaintiff and (2) the letter Vortex sent to defendant did not request that defendant cease communications with plaintiff. Plaintiff's response to the summary judgment motion was due on July 29, 2011. Plaintiff has not filed a response nor sought an extension of time to do so.

However, on July 6, 2011, plaintiff filed the instant motion for leave to file a second amended complaint to add allegations that defendant made "hundreds of phone calls" in an effort to collect a debt from him. In support of his request for leave, plaintiff states that he obtained the relevant information from defendant's Rule 26(a) disclosures. He also states that he served a request for production of documents on May 23, 2011, but defendant did not respond.

II. <u>Discussion</u>

Rule 15(a)(2), Fed.R.Civ.P., provides that courts should "freely give leave" to amend pleadings "when justice so requires." However, where a party seeks leave to amend pleadings after the date established by the Court's case management order, Rule 16's "good cause" standard governs. <u>Schenk v. Chavis</u>, 259 F. App'x 905, 907 (8th Cir. 2008). "If a party files for leave to amend outside the scheduling order, the party must show cause to modify the schedule." <u>Popoalii v. Correctional Med. Services</u>, 512 F.3d 488, 497 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." <u>Rahn v. Hawkins</u>, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant

resulting from modification of the scheduling order may also be a relevant factor, generally [the courts] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008).

Plaintiff has not demonstrated diligence in attempting to satisfy the dates established by the scheduling order.[1] Plaintiff learned the facts upon which his proposed complaint is based from defendant's Rule 26(a) disclosures. Those disclosures were made on February 7, 2011. Plaintiff's first amended complaint did not include the allegations he now seeks to assert, even though he was in possession of the relevant information at the time. Similarly, plaintiff did not display diligence in the pursuit of discovery: his request for production of documents was filed less than 30 days before the close of the discovery and thus was untimely. See Rule 34(b)(2)(A) (responses to request for production due within 30 days of service). Finally, his motion to amend was filed after the close of discovery and after defendant had already filed its summary judgment motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint [Doc. #24] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2011.

---

[1] Plaintiff also misstates critical deadlines established by the case management order: he states that the deadline for amending pleadings was May 30, 2011, rather than February 15, 2001. He also states that the matter is set for trial in February 2012, when the case management order set trial for November 14, 2011.